ERDMAN v. FORD MOTOR CO.

1. Workmen's Compensation—Appeal and Error—Finding of Department.

On appeal in proceedings to recover compensation for a third injury because it aggravated a claimed second injury, previous finding of department of labor and industry in proceedings to recover compensation therefor that plaintiff had suffered no second accidental injury growing out of and in the course of his employment held, conclusive in absence of appeal from such previous finding.

2. Same—Hearing on Previous Injury After Occurrence of Subsequent Injury.

In plaintiff's proceeding to recover compensation for a third injury when he slipped and fell from a truck and injured his chest, back and hip, which occurred prior to but was not called to attention of deputy commissioner at hearing on claimed

second injury, award of compensation for third injury is affirmed where there is some testimony supporting it notwithstanding proceedings for compensation as to second injury resulted in finding of no accidental injury growing out of and in course of the employment and defendant's claim that plaintiff's condition is due to chronic infectious arthritis.

3. SAME—APPEAL AND ERROR—EVIDENCE.

On appeal in nature of certiorari to department of labor and industry, Supreme Court may not substitute its judgment upon the facts for that of department where there is some competent testimony to support the award made.

WIEST, J., dissenting.

Appeal from Department of Labor and Industry. Submitted June 6, 1935. (Docket No. 35, Calendar No. 38,289.) Decided December 10, 1935.

Paul Erdman presented his claim against Ford Motor Company for compensation for an accidental injury while in its employ. From award to plaintiff, defendant appeals. Affirmed.

*Derham & Derham,* for plaintiff.

*Charles D. Symonds* and *Ray E. MacAllister,* for defendant.

POTTER, C. J.   Appeal in the nature of certiorari to the department of labor and industry.

(1)   May 7, 1925, plaintiff's hand was injured while in the employ of the defendant, and later his finger was amputated. An award for accidental injury was made, and April 25, 1934, a lump sum settlement for this injury was approved by the department of labor and industry.

(2)   In November or December, 1927, plaintiff claims he fell over a nail keg and injured his back and spine while in the employ of the defendant. A

hearing was had November 21, 1932, and an award of compensation was denied by the deputy commissioner November 22, 1932, which denial was sustained by the department of labor and industry January 4, 1933, it finding plaintiff did not suffer any accidental injury which arose out of and in the course of his employment with defendant company. It was the contention of defendant that plaintiff had not suffered an accident and that his condition at the time of hearing was due to chronic infectious arthritis.

(3) Plaintiff claims he was injured in February or March, 1932, probably February 1, 1932, defendant having subsequently filed a report of a non-compensable accident. Plaintiff claims he slipped and fell against an angle-iron while in defendant's employ. A hearing was had upon this application before a deputy commissioner July 24, 1934, and compensation denied. An appeal was taken to the department of labor and industry, which reversed the finding of the deputy commissioner and awarded plaintiff $18 a week for total disability, and it is from this award defendant appeals.

It will be noted the accident for which plaintiff seeks to recover occurred in February, 1932, and the hearing had upon the accident of November or December, 1927, was not had until November 21, 1932, approximately nine months after the injury now under consideration is claimed to have occurred. At the time of the former hearing, although the accident now relied upon to sustain the award was already nine months past, nothing was said about it in that hearing and plaintiff's only excuse is that he happened to forget about it.

At the time of the hearing in November, 1932, upon the accident of November or December, 1927,

plaintiff's physician claimed plaintiff was totally disabled and getting worse right along, that in his opinion plaintiff's condition would continue to get worse, and in view of the fact that plaintiff complained of this trouble since the injury, he thought plaintiff's condition was the result of the injury. Upon his examination in relation to the injury upon which plaintiff now claims disability, it was the theory of plaintiff that the injury of February 1, 1932, aggravated the prior injury of 1927. The doctor's testimony upon the hearing upon the injury of 1927 was substantially that though plaintiff was totally disabled, he might do something in the salvage yard of defendant company like sorting out screws or some other thing where he had to be sitting down. His testimony upon the hearing in the case now under review was substantially the same so far as plaintiff's disability is concerned, so the real question presented is whether or not there is any testimony to sustain the award.

Whether plaintiff was injured or not, as he claims, in 1927, the finding of the department is conclusive he suffered no accidental injury growing out of and in the course of his employment. There was some testimony that plaintiff, in February, 1932, slipped and fell from a transfer truck and injured his chest and twisted his back and hip. In the opinion of the physician, by reason of plaintiff's condition he was more susceptible to injury than he otherwise would have been had he been in normal condition, and this third injury caused or contributed to his disability, although this physician admitted upon the last hearing plaintiff had hypertrophic arthritis.

Upon the record before us, we cannot say there was no testimony to support plaintiff's claim, but, on the contrary, we agree with the department of

labor and industry that there was some testimony to support it; and, there being testimony to support the award made, this court may not substitute its judgment upon the facts for that of the department, whose award is affirmed.

North, Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred with Potter, C. J.

Wiest, J. (*dissenting*). The finding by the department, in January, 1933, that plaintiff's then total disability was not by reason of accident, barred the department, in 1934, from finding total disability occasioned by an accident previous to the former adjudication.

The award should be vacated.

The late Justice Nelson Sharpe took no part in this decision.